**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X   **Case No.** 18-CV-11756 (GBD) (DCF)
GENEVA AIKEN,

Plaintiff,

- against -

*PROPOSED*
**JOINT PRETRIAL ORDER**

MTA NEW YORK CITY TRANSIT, DONALD
HOUSTON, *In His Individual and Official Capacities,*
PHAKESHIA MURPHY, *In Her Individual and
Official Capacities,* ALFRED CAMINERO, *In His
Individual and Official Capacities*,

Defendants.
-------------------------------------------------------------X

The parties having conferred among themselves and with the Court pursuant to Federal
Rule of Civil Procedure 16, and pursuant to this Court's Individual Motion Practices and Rules
V(A), the following statements, directions, and agreements are adopted as the Pretrial Order
herein.

### 1. Full Caption of the Action

See above.

### 2. Trial Counsel Contact Information

<u>Attorneys for Plaintiff, Geneva Aiken</u>
Gregory Calliste, Jr., Esq.
PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
gcalliste@tpglaws.com

<u>Attorneys for Defendants, MTA New York City Transit, Donald Houston, Phakeshia Murphy, and
Alfred Caminero</u>
Beth L. Kaufman, Esq.
Samantha Tomey, Esq.
SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
551 Fifth Avenue
New York, New York 10176
T: (212) 661-5030

bkaufman@schoeman.com
stomey@schoeman.com

### 3. Subject Matter Jurisdiction

Plaintiff's Statement:

This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, particularly 42 U.S.C. §§ 2000e *et seq*. and 42 U.S.C. §1983. In addition, this Court has subject matter jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367, particularly New York State Executive Law §§296, *et seq*. and N.Y.C. Admin. Code § 8-107 *et seq*.

Defendants' Statement:

Defendants do not dispute that, if the allegations of the Amended Complaint are in fact true, there is subject matter jurisdiction in this Court for plaintiff's claims under 42 U.S.C. § 2000e *et seq*. ("Title VII") and supplemental jurisdiction for plaintiff's claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 80101 *et seq*.

### 4. Summary of Claims and Defenses

**Plaintiff's Claims:**

Plaintiff alleged a hostile work environment under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. § 1983; the New York State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107, et seq. ("NYCHRL"), which was alleged to be created by her supervisor Defendants, Donald Houston, Phakeshia Murphy, and Alfred Caminero, based on religion and need for religious accommodations. Plaintiff filed multiple requests for a religious accommodation, which were continuously ignored. MTA Defendants eventually retaliated against Plaintiff for requesting the accommodations, rather than self-accommodating her needs. Plaintiff asserts that Defendant MTA is liable for the hostile work environment because her complaints were futile at Defendant MTA and that Defendant MTA, its managers, and Human Resources did not adhere to its EEO policies.

Plaintiff's remaining claims are: **(1)** Discriminatory Demotion under Title VII against the MTA; **(2)** Discriminatory Demotion under the NYSHRL against the Defendant MTA and Defendant Caminero (including director actor liability and aider-and-abettor liability); **(3)** Discriminatory Demotion under the NYCHRL against the Defendant MTA and Defendant

Caminero (including director actor liability and aider-and-abettor liability); and **(4)** Hostile Work Environment, Discrimination, and Retaliation against Defendants, MTA, Caminero, Murphy, and Houston, under the NYCHRL.

**<u>Defendants' Defenses</u>:**

The undisputed facts demonstrate there was no discrimination or retaliation against Plaintiff. Notably, the sole adverse employment action to which Plaintiff was subjected – her demotion from a probationary position in which she did not perform satisfactorily to the position she previously had – was caused solely by her inability to fulfill the job responsibilities of her probationary position. Plaintiff's requests for religious accommodations were granted without question or issue throughout her employment, both during her tenure as a Bus Operator and also during her employment as a probationary Surface Line Dispatcher.

Plaintiff will be unable to satisfy her burden to show unlawful discrimination was the cause of any alleged retaliatory action. Plaintiff was demoted because of poor work performance before she ever complained about alleged discrimination.

The Amended Complaint alleges – in conclusory fashion only – that Plaintiff was subjected to a hostile work environment. There is no factual allegation, much less evidence, however, of a hostile work environment, apart from Plaintiff's unsubstantiated allegations of a few isolated remarks. Such isolated remarks, even if true, cannot constitute a hostile work environment.

To the extent Plaintiff appears to seek to proceed on claims as to which Defendants have already been awarded summary judgment, those claims are barred. As recommended by Magistrate Judge Freeman and as ordered by this Court, the claims that have survived for trial are only:

1. Under Title VII, the claim against the MTA for discriminatory demotion;

2. Under the NYSHRL, the claim against the MTA and defendant Alfred Caminero, both individually and as aider and abettor, for discriminatory demotion;

3. Under the NYCHRL, the claims against the MTA and Caminero for discriminatory demotion and retaliatory demotion; and

4. Under the NYCHRL, the claims against all defendants for a hostile work environment, discrimination and retaliation based on the alleged coercive and/or threatening comments allegedly made by defendants Murphy, Houston and Caminero regarding Plaintiff's requests for a religious accommodation.

**5. Jury and Length of Trial**

The case is to be tried before a jury. Assuming plaintiff's witness list is substantially reduced, the estimated total length of the trial is expected to be 4-5 trial days.

**6. Magistrate Judge**

The parties do not consent to trial of the case by a Magistrate Judge.

**7. The Parties' Stipulations of Fact and Law**

1. Plaintiff is a Christian and/or a Baptist.

2. As a Baptist, Plaintiff observes the Sabbath on Sundays.

3. As a Baptist, Plaintiff attends church on Sundays.

4. Plaintiff submitted letters from her church to NYCTA Defendants about her need to have Sundays off.

5. Plaintiff requested a religious accommodation and to be accommodated by NYCTA Defendants.

6. Plaintiff initially began her employment with NYCTA Defendants as a Bus Operator and held that position for 6 years.

7. Plaintiff took the test to become a Probationary Surface Line Dispatcher ("SLD") and passed.

On or about December 8, 2016, Plaintiff was made a Probationary SSLD and was assigned to the West Farm Depot facility in the Bronx.

8.   On January 16, 2018, Plaintiff made a complaint to MTA/NYCTA'S EEO Department following her demotion from the probationary SLD position back to the Bus Operator position.

9.   Plaintiff made a complaint to Veronique Hakim on January 15, 2018 regarding alleged "harassment."

10.  On August 23, 2018, Plaintiff submitted  to the New York State Division of Human Rights a Charge of Discrimination against the MTA/NYCTA, alleging that she was "discriminated and retaliated against due to [her] religion."

11.  MTA/NYCTA'S EEO representative, Jacob Goins was assigned to investigate Plaintiff's compliant.

## 8.   Witness Lists with Summary of Testimony

**<u>Plaintiffs' Witnesses</u>**

1.   Plaintiff Geneva Aiken, represented by PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, 45 Broadway, Suite 430, New York, New York 10006. Plaintiff will testify to the discrimination, hostile work environment, and the constructive discharge from her employment, as well as the damages stemming from same.

2.   Defendant Alfred Caminero, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Defendant CAMINERO will testify to his conduct against Plaintiff.

3.   Defendant Donald Houston, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Defendant HOUSTON will testify to his conduct against Plaintiff.

4.   Defendant Phakeshia Murphy, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Defendant MURPHY will testify to her conduct against Plaintiff.

5.   John P. Dhuman, Deputy General Manager, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Mr. Dhuman can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff.

6.   Emilio Reyes, Mr. Reyes can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff.

7.      Amadu Haruna, Mr./Ms. Haruna can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff.

8.      Patrick Bambury, Mr. Bambury can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff.

9.      Antonio Seda, Assistant Vice President of EEO Investigations, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Mr. Seda can testify as to the investigation process into Plaintiff's complaints.

10.     Jacob A. Goins, NYCTA'S EEO Officer, represented by [unknown at this time]. Mr. Goins can testify as to the investigation process into Plaintiff's complaints.

11.     Alexander T. Linzer, NYCTA'S EEO Director for EEO Investigations, represented by [unknown at this time]. Mr. Linzer can testify as to the investigation process into Plaintiff's complaints.

12.     Cathy Gonzalez, Investigator, represented by [unknown at this time]. Ms. Gonzalez can testify to Plaintiff's religious accommodation requests.

13.     Danielle Brogan, Director, Collective Bargaining, Office of Labor Relations, New York City Transit, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Ms. Brogan can testify to Plaintiff's religious accommodation requests.

14.     Michael Lawson, TSO, represented by [unknown at this time] . Mr. Lawson can testify to the end of Plaintiff's employment.

15.     Robert Bruno, General Manager Bronx Division, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Mr. Bruno can testify to the end of Plaintiff's employment.

16.     Thomas Burke, General Superintendent, MTA/MABSTOA, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176.. Mr. Burke was present and can testify about Plaintiff's alleged disciplinary issues, Plaintiff's demotion, meeting held with Plaintiff and Defendant Caminero regarding demotion, Plaintiff's claims of discrimination and Plaintiff's ongoing complaints to the MTA about discrimination, hostile work environment and retaliation.

17.    John McGahern, served as the General Superintendent at M.J. Quill Bus Depot in the year 2016 and addressed Plaintiff's previous religious accommodation request while a Bus Operator.

18.    MTA, Arlene Benjamin, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Ms. Benjamin can testify to Plaintiff's discrimination, harassment, and hostile work environment, particularly with the religious accommodation requests.

19.    SLD Joselito Valentine, represented by [unknown at this time]. Ms. Valentine can testify to Plaintiff's discrimination, harassment, and hostile work environment.

20.    BO Stewart, represented by [unknown at this time?]. Mr. Stewart can testify to Plaintiff's discrimination, harassment, and hostile work environment.

21.    BO (First Name Unknown) Maldonado, represented by [unknown at this time]. Mr. Maldonado can testify to Plaintiff's discrimination, harassment, and hostile work environment.

22.    BO Ochere (Last Name Unknown), represented by  [unknown at this time]. Mr. Ochere can testify to Plaintiff's discrimination, harassment, and hostile work environment.

23.    Latonya Crisp-Sauray, Recording Secretary TWU Local 100, represented by Schoeman Updike Kaufman & Gerber LLP, 551 Fifth Avenue, New York, New York 10176. Ms. Crisp-Sauray can testify to Plaintiff's complaints about failure to provide religious accommodations.

24.    Terrance ("Terry") Raines, Plaintiff AIKEN's Friend. Mr. Raines will testify to Plaintiff's emotional distress, efforts to mitigate and hardships faced following her departure from the MTA.

25.    Dr. Jacques Jospitre, Jr. SohoMD, The Art of Health, 110 Lafayette Street, 5th Floor, New York, New York 10013. Dr. Jospitre can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

26.    Mumin Mushtaq Ahmed Hakim, M.D., Jacobi Medical Center, 1400 Pelham Parkway South, Bronx, New York 10461. Dr. Hakim can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

27.    Robert Harley, formerly with Occupational Health Services (MAC)/New York City Transit/New York City Transit, Occupational Health Services, MAC1, 177 Livingston Street, 4th Floor, Suite B, Brooklyn,  New York 11201. Representation

is unknown at this time.  Mr. Harley can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

28.  Any Other Medical Providers from Occupational Health Services (MAC)/New York City Transit/New York City Transit, Occupational Health Services, MAC1, 177 Livingston Street, 4th Floor, Suite B, Brooklyn,  New York 11201. Medical Providers can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

29.  Alexandra Ubilla, New York-Presbyterian, Brooklyn Methodist Hospital, 506 6th Street, Brooklyn,  New York 11215. Dr. Ubilla can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

30.  Silvia Cardenas, New York-Presbyterian, Brooklyn Methodist Hospital, 506 6th Street, Brooklyn, New York 11215. Dr. Cardenas can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

31.  Dr. Chaie, New York-Presbyterian, Brooklyn Methodist Hospital, 506 6th Street, Brooklyn,  New York 11215. Dr. Chaie can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

32.  Michael Foley, New York-Presbyterian, Brooklyn Methodist Hospital, 506 6th Street, Brooklyn,  New York 11215. Dr. Foley can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

33.  Jean Guy Elie, Brooklyn Medical Care Practice, P.C., 765 Nostrand Avenue, Brooklyn,  New York 11216. Dr. Elie can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

34.  Perry A. Frankel, Cardiologist, 401 Lakeville Road, Suite 209, New Hyde Park, NY 11040. Dr. Frankel can testify to Plaintiff's emotional distress and/or medical condition(s) as a result of MTA Defendants' discriminatory and retaliatory conduct.

Plaintiff reserves the right to call his witnesses in any order, as well as to call any witness on Defendants' witness list to the extent they have relevant or otherwise admissible testimony. Plaintiff reserves the right not to call any witness listed above. Plaintiff further reserves his right to call any witness, pursuant to the Federal Rules of Evidence, to rebut or otherwise impeach testimony given by any witness in this trial.

**Defendants' Witnesses**

Defendants reserve their right to call additional witnesses to rebut Plaintiff's evidence or not to call some of the witnesses on the below list; to call additional witnesses depending upon the Court's pretrial rulings; and to call any of the below witnesses as well as any witness on Plaintiff's witness list, whether called by Plaintiff or not.  Defendants further reserve the right to respond through documentary evidence or testimony to any new evidence offered by Plaintiff.

1.   Geneva Aiken

2.   Alfredo Caminero

3.   Donald Houston

4.   Phakeshia Murphy

5.   Representative from EEO Office

**9.   Deposition Designations**

Plaintiff's Deposition Designations

Plaintiff does not anticipate using any deposition testimony or designations other than for rebuttal and/or impeachment purposes, or in the event any of Plaintiff's witnesses are deemed to be unavailable at the time of trial pursuant to Fed. R. Civ. P. 32(a)(4).

Defendants' Deposition Designations

Testimony from Plaintiff Geneva Aiken: 12:9-11, 21:9-29:14, 40:7-15, 43:9-13, 40:18-42:21, 42:7-9, 43:20-44:22, 44:23-45:4, 46:2-47:8; 57:2-6, 63:13-17, 65:24-66:8, 71:24-72:2, 74:18-75:24, 106:10-107:7, 79:18-24, 75:8-76:18, 180:25-182:17.

**10. Exhibit Lists**

Plaintiff's Exhibits

It appears that Plaintiff's Exhibits contain several duplicates, and also several exhibits that would be inadmissible given the scope of this trial as Defendants understand it.  Given the apparent disagreement as to the scope of the trial, Defendants have noted that they reserve their rights to object to any exhibit should it be beyond the scope of this trial.

| Exhibit No. | Document Description | Objection to Authenticity | Objection to Admissibility |
|---|---|---|---|
| 1 | Aiken's G2 to Houston, AIKEN 000006 – 000008, AIKEN CONFIDENTIAL 000151, 000152-000153 | | Relevance (scope of trial) objection reserved |
| 2 | Email RE Three Month Evaluation, AIKEN 000009 | | |
| 3 | Aiken's Cash Out Sick Days Memo, AIKEN 000010 | | Relevance (scope of trial) objection reserved |
| 4 | Email RE Evaluations on a Fair Chance, AIKEN 000012 | | Relevance (scope of trial) objection reserved |
| 5 | Email RE Three Month Evaluation, AIKEN CONFIDENTIAL 000015 | | Relevance (scope of trial) objection reserved |
| 6 | Aiken's Resume, AIKEN CONFIDENTIAL 000234 - 000235 | | |
| 7 | Aiken's Complaint to Affirmative Action Office, AIKEN CONFIDENTIAL 000416 – 000418 | | |
| 8 | Counseling Logs for Aiken, NYCTA000001, 000027 | | |
| 9 | Probationary Report, NYCTA000002 - 000004 | | |
| 10 | Aiken's Counseling Memo, NYCTA000005 | | |
| 11 | Aiken's Write-Up, NYCTA000006 | | |
| 12 | Transport Worker's Union's Policy & Procedure, NYCTA000007 | | Irrelevant to any issues to be tried |
| 13 | Aiken's Record Employee Absences, NYCTA000008 | | |
| 14 | Transcript of Record, NYCTA000009 - 000013 | | |
| 15 | NYCTA'S Red Book, NYCTA000014 – 000015 | | Irrelevant to any issues to be tried |
| 16 | Aiken's Counseling Memo, NYCTA000016 – 000017 | | |

| 17 | Aiken's Counseling Memo, NYCTA000018 | | |
|---|---|---|---|
| 18 | Aiken's Counseling Memo, NYCTA000019 | | |
| 19 | Audit Activity, NYCTA00020 - 000021 | | Irrelevant to any issues to be tried |
| 20 | Aiken's Counseling Memo, NYCTA000022 | | |
| 21 | Aiken's Leave of Absence, NYCTA000024 | | |
| 22 | Aiken's Leave of Absence, NYCTA000025 | | |
| 23 | Aiken's Counseling Memo, NYCTA000027 | | |
| 24 | NYCTA'S Red Book, NYCTA000028 – 000030 | | Irrelevant to any issues to be tried |
| 25 | Supervisor's Accident/Crime Investigation Report, NYCTA000031 - 000034 | | |
| 26 | Memo, Statement from Caminero RE Incident on 1/15/2018, NYCTA000035 | | |
| 27 | Memo RE Recommendation for Extension or Probation of Aiken, NYCTA000036 | | |
| 28 | Aiken's Probationary Report, NYCTA000037 – 000039 | | |
| 29 | Aiken's Counseling Memo, NYCTA000040 | | |
| 30 | Memo RE Extension of Aiken's Probation, NYCTA000041 | | |
| 31 | Memo RE Extension of Aiken's Probation, NYCTA000042 | | |
| 32 | Memo RE Recommendation to Extend Aiken's Probationary Period, NYCTA000043 | | |
| 33 | December 2017 Church Letter, NYCTA000044 | | |
| 34 | Email RE Authorized Personnel, NYCTA000045 | | Relevance (scope of trial) objection reserved |
| 35 | Aiken's Sick & Personal Action Records, NYCTA000046 - 000047 | | |
| 36 | Aiken's Counseling Memo, NYCTA000048 | | |
| 37 | Memo RE Extension of Aiken's Probation, NYCTA000049 | | |
| 38 | Memo RE Extension of Aiken's Probation, NYCTA000050 | | |
| 39 | Aiken's Dispatcher Post Check, NYCTA000051 – 000056 | | Relevance (scope of trial) objection reserved |
| 40 | Depot Control Log, NYCTA000057 - 000060 | | |
| 41 | Memo RE Sabbath Observance Request for Aiken, NYCTA000061 | | |

| 42 | January 2017 Church Letter, NYCTA000062 | | |
|---|---|---|---|
| 43 | July 2017 Church Letter, NYCTA000063 | | |
| 44 | Transcript of Record, NYCTA000064 | | |
| 45 | Aiken's Probationary Bus Operator Counseling Statement, NYCTA000065 | | |
| 46 | Aiken's Sick & Personal Action Records, NYCTA000066 | | |
| 47 | Aiken's Appointment/Payroll Notice, NYCTA000067, NYCTA000068 | | Relevance (scope of trial) objection reserved |
| 48 | Aiken's Driving Abstract, NYCTA000069 – 000070 | | |
| 49 | Application Access Request Form for Aiken, NYCTA000071 - 000072 | | Relevance (scope of trial) objection reserved |
| 50 | Email RE I-Vault Request Notification, NYCTA000073 | | Relevance (scope of trial) objection reserved |
| 51 | Drop Notice RE Aiken's Promotion, NYCTA000074 | | |
| 52 | Aiken's DBO UTS/EIS Database Access Request Form, NCYTA000075 | | Relevance (scope of trial) objection reserved |
| 53 | Aiken's FEMA Certificates, NYCTA000076 – 000077 | | Relevance (scope of trial) objection reserved |
| 54 | Aiken's Acknowledgement & Receipt of Understanding, NYCTA000078 | | Relevance (scope of trial) objection reserved |
| 55 | Aiken's Dispatcher Badge Replacement/Turn In Form, NCYTA000079 | | Relevance (scope of trial) objection reserved |
| 56 | Application Access Request Form for Aiken, NYCTA000080 | | Relevance (scope of trial) objection reserved |
| 57 | Information for Depot & Training Center, NYCTA000081 | | Relevance (scope of trial) objection |

| | | | |
|---|---|---|---|
| | | | reserved |
| 58 | Memo RE Reporting to Supervisor, NYCTA000082 | | Relevance (scope of trial) objection reserved |
| 59 | Aiken's Dual Employment/Outside Activity Form, NYCTA000083 | | Relevance (scope of trial) objection reserved |
| 60 | Acknowledgment RE Misuse of Patrol Autos, NYCTA000084 | | Relevance (scope of trial) objection reserved |
| 61 | Aiken's Application for Employee Parking Permit, NYCTA000085 - 000086 | | Relevance (scope of trial) objection reserved |
| 62 | Aiken's Counseling Memo, NYCTA000095 | | |
| 63 | July 2017 Church Letter, NYCTA000097 | | |
| 64 | July 2016 Church Letter, NYCTA000098 | | |
| 65 | Letter of Resignation, NYCTA000123 | | |
| 66 | Aiken's EEO Complaint, NYCTA000127 – 000128 | | Objection— cumulative (agreed it is admissible for date of submission) |
| 67 | Aiken's EEO Statement, NYCTA000129 – 000130, 000278 – 000279 | | Objection— cumulative |
| 68 | Aiken's Witness List, NYCTA000131 - 000132 | | Objection, relevance |
| 69 | Notice of Extended AWOL, NYCTA000141-000144 | | |
| 70 | Interview Notes, NYCTA000157 – 000160 | | Objection— relevance, ,hearsay (may be admissible as to scope of investigation |
| 71 | Interview Notes, NYCTA000161 – 000162 | | Objection— relevance, hearsay (may be admissible as to scope of investigation) |
| 72 | Request for Leave of Absence, with or without | | |

| | | | |
|---|---|---|---|
| | pay, NYCTA000236 | | |
| 73 | Memo RE Aiken's Sabbath Observance Request, NYCTA000246 | | |
| 74 | Email RE Hands-On Request, NYCTA000247 | | Relevance (scope of trial) objection reserved |
| 75 | 2017 Religious Accommodation Approval, NYCTA000252 | | |
| 76 | Aiken's G2, NYCTA000261 | | |
| 77 | Murphy's Accident Report, NYCTA000266 - 000267 | | Relevance (scope of trial) objection reserved |
| 78 | Caminero's Accident Report, NYCTA000270 | | |
| 79 | Supervisor's Accident Report, NCYTA000271 - 000274 | | |
| 80 | Email RE Harassment, NYCTA 000275 – 000276 | | Objection— cumulative, hearsay. May be admissible for certain factual aspects |
| 81 | Email RE Hands On Request, NYCTA000280 | | Relevance (scope of trial) objection reserved |
| 82 | Email RE Crew, Yard, General Training, NYCTA000281 | | |
| 83 | Email RE Evaluation on Fair Chance, NYCTA000287 | | Relevance (scope of trial) objection reserved |
| 84 | Email RE No Knowledge of U/A on My Record, NYCTA000288 | | Relevance (scope of trial) objection reserved |
| 85 | Email RE Religious Observance Letter 2018, NYCTA000289 | | |
| 86 | Religious Accommodation Instructions, NYCTA000290 - 000291 | | |
| 87 | Email RE Harassment/Religious Observance, NYCTA000299 - 000300 | | |
| 88 | Email from Caminero RE Aiken's Religious Accommodation Request, NYCTA000306 | | |
| 89 | Email RE Aiken's Complaint of Harassment, | | |

| | | | |
|---|---|---|---|
| | NYCTA000307 | | |
| 90 | Email from McGahren, NYCTA000330 | | |
| 91 | Email RE Evaluations on a Fair Chance, NYCTA000355 - 000361 | | Relevance (scope of trial) objection reserved |
| 92 | Memo from Aiken to Houston, NYCTA000362 - 000364 | | Relevance (scope of trial) objection reserved |
| 93 | Seda's Notice of Investigation, NYCTA000353 - 000354 | | |
| 94 | Email RE Evaluation on Fair Chance, NYCTA000355 - 000361 | | Relevance (scope of trial) objection reserved |
| 95 | Interview Notes, NYCTA000375 - 000376 | | Objection— relevance, hearsay (may be admissible as to scope of investigation) |
| 96 | Interview Notes, NYCTA000377 - 000387 | | Objection— relevance, hearsay (may be admissible as to scope of investigation) |
| 97 | Interview Notes, NYCTA000388 – 000393, 000396 | | Objection— relevance, hearsay (may be admissible as to scope of investigation) |
| 98 | Email RE Aiken's Complaint to Dhuman, NYCTA000394 - 000395 | | Relevance (scope of trial) objection reserved |
| 99 | Aiken's EEOC Witness List, NYCTA000406 – 000407 | | Objection— relevance |
| 100 | Aiken's EEOC Charge, NYCTA000423- 000424 | | Objection— relevance |
| 101 | Aiken's Job Summary (Pay Info), NYCTA000447 - 000449 | | Relevance (scope of trial) objection reserved |

| | | | |
|---|---|---|---|
| 102 | Respectful Workplace Policy, NYCTA000680 - 000682 | | |
| 103 | Internal Complaint Procedures, NYCTA000683 - 000691 | | |
| 104 | EEO Policy, NYCTA000692 - 000695 | | |
| 105 | Disciplinary Grievance Procedure, NYCTA000949 - 000957 | | |
| 106 | Progressive Disciplinary Procedure, NYCTA001128 - 001131 | | |
| 107 | Procedure for Religious Accommodation, NCYTA001305 - 001306 | | |
| 108 | NYCTA'S EEO Policy, NYCTA001451 – 001454 | | |
| 109 | NYCTA'S Internal Discrimination Complaint Management, NYCTA001455 - 001467 | | |
| 110 | NYCTA's Sexual & Other Discriminatory Harassment, NYCTA001468 - 001477 | | |
| 111 | NYCTA'S Reasonable Accommodations for Job Applicants & Employees w/ a Disability, or a Pregnancy-Related Condition, NYCTA001478 – 001487 | | |
| 112 | Dr. Frankel's Medical Records, NYCTA001490-001491 | | |
| 113 | NY-Presbyterian's Medical Records, NYCTA001704-001731 | | |
| 114 | NY-Presbyterian's Medical Records, NYCTA001735-001738 | | |
| 115 | Religious Accommodations Instructions, NYCTA001801 | | |
| 116 | Religious Accommodations Policy, NYCTA001802 - 001805 | | |
| 117 | Caminero's List of Training, NYCTA002371 – 02375 | | Relevance (scope of trial) objection reserved |
| 118 | Houston's List of Training, NYCTA002376 – 002378 | | Relevance (scope of trial) objection reserved |
| 119 | Murphy's List of Training, NYCTA002471 – 002476 | | Relevance (scope of trial) objection reserved |
| 120 | Supervisor's Guide to Reasonable Accommodation of Religious Observance or Practices, NYCTA002476 - 002484 | | |

| 121 | Taking Control of the Road, Road Control Training Manual, Department of Buses, Training Division, NCYTA002502 - 002542 | | |
|-----|---------------------------------------------------------------------------------|--|--|
| 122 | Email RE Aiken Request for Religious Accommodation Approved, NYCTA002742 | | |
| 123 | Memo RE Aiken's Return West Farm, NYCTA003344 - 003345 | | |
| 124 | Email RE Aiken's Status of Demotion to Bus Operator, NYCTA003382 | | |
| | | | |

Plaintiff reserves his right to supplement the Exhibit List and to offer additional documents in evidence-based on Defendants' presentation of evidence.

Defendants' Exhibits

| Exhibit No. | Document Description | Objection to Authenticity | Objection to Admissibility |
|-------------|----------------------|---------------------------|----------------------------|
| A | Plaintiff's Resume [Aiken 234-235] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| B | Plaintiff's Job Detail Summary [NYCTA 447-449] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| C | Copies of letters from the New Life Christian Center, dated January 4, 2016 and July 2, 2017 [NYCTA 62-63] | | |
| D | Memorandum from Danielle Brogan to Amy Ramirez, dated April 28, 2014 [NYCTA 246] | | Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| E | Excerpt from the February 22, 2019 deposition of Plaintiff in a New York State | | Relevance (401,402); Best |

| | | | |
|---|---|---|---|
| | Supreme Court, Kings County action *Geneva Aiken v. The New York City Transit Authority*, Index No.: 105145/2010 | | Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| F | "Taking Control of the Road, Road Control Training Manual, " from the Metropolitan Transportation Authority Department of Buses, dated September 4, 2015. [NYCTA 2502 – 2541] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| G | Plaintiff's Transcript of Record from the Metropolitan Transportation Authority, dated September 19, 2017. [NYCTA 9-13] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| H | Probationary Report for all DISPATCHERS, dated April 5, 2017, July 7, 2017, September 25, 2017 and January 15, 2018. [NYCTA 2-4] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| I | Copy of a Bronx Road Operations Dispatcher Post Check, dated June 7, 2017 [NYCTA 51] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| J | Copy of a Bronx Road Operations Dispatcher Post Check, dated June 21, 2017 [NYCTA 52] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| K | Copy of a statement given by Murphy to Caminero, dated June 3, 2017 [NYCTA 95] | | Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| L | A copy of an e-mail from Caminero to Hillary | | Best Evidence |

| | | | |
|---|---|---|---|
| | Tomlinson, copying Patrick Bambury, Emilio Reyes and Murphy, dated July 6, 2017. [NYCTA 306] | | (901); Limited Purpose (105); Hearsay (801, 802) |
| M | A copy of the Religious Accommodation Policy and Procedure [NYCTA 1803-1805] | | |
| N | Copy of the Procedures for Religious Accommodation, dated June 3, 1996. [NYCTA 1305-1306] | | |
| O | Memo from Caminero to Patrick Bambury, dated September 25, 2017 [NYCTA 36] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| P | Memo from Caminero to Patrick Bambury, dated September 25, 2017. [NYCTA 41] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| Q | Memo from Caminero to Patrick Bambury, dated January 15, 2018. [NYCTA 1] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| R | Statement from Caminero, dated January 15, 2018 [NYCTA 35] | | Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| S | Copy of a Supervisor's Accident/Crime Investigation Report, dated January 15, 2018 [NYCTA 31-34] | | Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| T | Copy of an e-mail from Plaintiff to Veronique Hakim, dated January 15, 2018 [NYCTA 307] | | |
| U | Lists of courses completed by Houston, Caminero and Murphy. [NYCTA 2371-2378; 2471-2475] | | Relevance (401,402); Best Evidence (901); Hearsay |

| | | | |
|---|---|---|---|
| | | | (801, 802) |
| V | Policies from the Office of Equal Employment Opportunity, dated February 16, 2010, November 28, 2007 , April 11, 2018 and January 17, 2019. [NYCTA 680-691; 1455-1487] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| W | Letter from the General Superintendent of Support Services from the Michael J. Quill Depot to Plaintiff dated June 21, 2018 [NYCTA 141] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| X | Letter from Plaintiff to MTA New York City Transit, MTA Business Service Center dated August 6, 2018 [NYCTA 123] | | |
| Y | Copy of an email sent by Geneva Aiken to Emilio Reyes and Amadu Haruna, dated February 19, 2017 [NYCTA 281] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |
| Z | Copy of email sent by Plaintiff to Donald Houston dated April 6, 2017 [Aiken 000015] | | Relevance (401,402); Best Evidence (901); Limited Purpose (105); Hearsay (801, 802) |

Defendants reserve the right to supplement the Exhibit List and to offer additional documents in evidence based on Plaintiff's presentation of evidence.

Dated: New York, New York
        March 29, 2022

**PHILLIPS & ASSOCIATES**          **SCHOEMAN UPDIKE KAUFMAN &**
**Attorneys at Law PLLC**          **GERBER LLP**
*Attorneys for Plaintiff*          *Attorneys for Defendants*

*/S/ Gregory Calliste, Jr.*        */S/ Beth L. Kaufman*

_____         _____
Gregory Calliste, Jr., Esq.        Beth L. Kaufman, Esq.
45 Broadway, Suite 430             Samantha Tomey, Esq.
New York, New York 10006           551 Fifth Avenue
(212) 248 – 7431 (p)               New York, New York 10176
gcalliste@tpglaws.com              bkaufman@schoeman.com
                                   stomey@schoeman.com


**SO ORDERED:**


_____
The Honorable George B. Daniels, U.S.D.J.